## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

     Plaintiff,

v.                               Case No. 21-1044

VAL GARCIA and
SUPREME MAINTENANCE INCORPORATED,

     Defendants.

.

### NOTICE OF REMOVAL

COMES NOW Defendant Val Garcia, by and through counsel, Lewis Brisbois

Bisgaard & Smith LLP (Gregory L. Biehler), and pursuant to the provisions of 28 U.S.C. §

1441(a), hereby removes Cause Number D-202-CV-2021-05581, filed in the Second Judicial

District Court, Bernalillo County, State of New Mexico.  As grounds for removal, Defendant

states the following:

1.   On September 23, 2021, Plaintiff filed her Complaint alleging discrimination in

violation of Section 102 of the Civil Rights Act against SMI Facility Services, a non-entity

incorrectly identified by Plaintiff.  The correct entity is Supreme Maintenance Incorporated

(SMI), the owner of which is Val Garcia.

2.   Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is timely as  Defendant

acknowledges receiving the complaint on September 29, 2021.

3.   Pursuant to 28 U.S.C. § 1443, this Court has original jurisdiction based on federal

law asserted.

4.   Each of the correctly identified Defendants, Val Garcia and SMI, consent to

removal.

5.   This action is removable pursuant to 28 U.S.C. § 1331, a federal question, in that

Plaintiff is asserting federal civil rights violations.

Attached hereto are the pleadings filed to date in the state court action:

Complaint, filed September 23, 2021;

Application for Free Process, filed September 23, 2021;

Order for Free Process Granted, filed September 23, 2021;

Arbitration Certificate Not Subject, filed September 23, 2021;

Summons Return, filed October 5, 2021; and

Entry of Appearance for Defendant, filed October 11, 2021.


WHEREFORE, Defendant Val Garcia prays the above-entitled action be removed from the State of New Mexico Second Judicial District Court to this Court.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Gregory L. Biehler*
    Gregory L. Biehler
    8801 Horizon Blvd. NE, Suite 300
    Albuquerque, NM  87113
    Tel:  (505) 828-3600
    Facsimile: (505) 828-3900
    Greg.Biehler@lewisbrisbois.com
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Court this 29th day of October, 2021, and was sent to Pro Se Plaintiff Amanda Morales by email and U.S. mail as follows:

Amanda Morales
Pro se Plaintiff
205 Calle Del Banco
Bernalillo, NM 87004
505.318.2400
Moralesamanda912@gmail.com


*Gregory L. Biehler*
GREGORY L. BIEHLER

4841-5823-7439.1

FILED IN MY OFFICE
2ND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
CLERK OF THE COURT
9/23/2021 4:36 PM
LUKE TESSMAN

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

Amanda Morales
       Plaintiff,

VS.                                          Case No. __CV 2021 005581__

SMI facility services
       Defendant.

**SUMMONS ISSUED**

## CIVIL COMPLAINT

1.   Plaintiff or defendant resides, or may be found in, or the cause of action arose in this

county.

2.   Plaintiff claims from Defendant the amount of $ _200,000_ . Plaintiff also claims

interest and court costs. Plaintiff claims from Defendant personal property of the value of

$ _____ , which is described as follows:

_____

_____

_____

_____

3.   Plaintiff's claim arises from the following event or transaction:

Section 102 of civil Rights act discrimination,
~~discrimination~~ OshA compliance, equal pay rights,
workers comp, workplace injury, wrongful termination,
sexual harassment, national origin discrimination
          & Re taliation unemployment fraud,
          Spousal Affliation, Hostile work
              environment

1

4.　　Trial by jury is (not) demanded. [*If a jury is demanded, an additional cost must be paid upon filing.*]  Jury trial demanded

5.　　An audio recording of the trial is (not) demanded. [*If you do not request an audio recording, your right to appeal may be limited.*]

Amanda Morales
Signed

Amanda Morales
Name [print]

805 Calle Del Banco
Address [print]

Bernalillo, NM 87024
City, State and Zip Code [print]

(505) 318-2400
Telephone Number

2

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

### Bernalillo County

### Complaint

Civil Action No.:

Amanda Morales

 Plaintiff,

v.

SMI Facility Services

(Wade Hunt and Gloria Sanchez in their official and individual capacities

and Steve Garcia in his official and

individual capacities)

 Defendant.

_____

COMPLAINT and JURY TRIAL DEMAND

_____

## NATURE OF THE ACTION

 This is a public enforcement action to correct the unlawful employment practice of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action seeks to provide appropriate relief to Amanda Morales, who was adversely affected by such practice. Plaintiff, Amanda Morales contends Defendant SMI Facility Services discriminated against Amanda Morales by suspending and terminating her employment because she exercised her rights under Title VII by filing and resolving a charge of discrimination.  SMI Facility Services violated OSHA regulations, workplace injury and safety standards, sexual harassment laws, created a hostile work environment and women's equal pay rights, spousal affiliation, emotional distress,

OSHA standards violations, unemployment fraud, failure to keep and provide factual records to NM Environment Department, workplace injury, retaliation and wrongful termination.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. This court has personal jurisdiction over the defendant business because SMI Facility Service's principal place of business is located in this state. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico. SMI Facility Services main office is located in Albuquerque, New Mexico.

## PARTIES

Plaintiff Amanda Morales to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3). Amanda Morales at all relevant times has been a resident in New Mexico. Address 205 Calle Del Banco Bernalillo New Mexico 87004.

At all relevant times, Defendant has continuously been and is now doing business in the State of New Mexico and has continuously had at least fifteen (15) employees. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h). SMI Facility Services 5015 Prospect Ave NE, Albuquerque, NM 87110

Defendant Wade Hunt is the operations administrator of SMI Facility Services and resides in the State of New Mexico. At all relevant times, Wade Hunt directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

Defendant Gloria Sanchez  is the operations director of SMI Facility Services and resides in the State of New Mexico. At all relevant times, Wade Hunt directly participated in the discriminatory and otherwise unlawful

employment decisions and actions taken against Plaintiff, and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

Defendant Val Garcia through a number of different legal entities, owns and operates SMI Facility Services locations in the metropolitan New Mexico, Colorado, and Texas areas. SMI Facility Services main office is in Albuquerque, New Mexico.

## FACTS

1.  Amanda Morales was employed by SMI Facility Services from 2/21/2019 to 12/30/2019. She was a janitorial services staff employee assigned to clean the Sandoval County Detention Center and the Concentrix Call Center in Rio Rancho.

2.  Mrs Morales had prior experience before working with 2 other commercial cleaning companies and had 5 years of commercial and residential cleaning experience.

3.  SMI Facility Services posted the job at $9.50-$13.00 based on experience and also stated spanish speaking employees was preferred.

4.  Amanda was only paid $9.15 and was assigned job duties that primarily only men did due to the physically challenging task of carrying a backpack vacuum for hours at a time. She was paid less than all the other male employees and less than what other employees with no experience were getting paid at $9.50.

5.  SMI Facility Services preference for spanish speaking employees was their personal preference and was not a skill beneficial for the job and when employees only spoke spanish and no english was problematic when clients were trying to communicate with employees.

6.  Amanda Morales was treated differently and when hired assigned to do a job by herself that was a 2-3 employee job. She managed to push herself and do it for 2 months before asking for help.

7.  Jerham Lare, Mrs Morales's husband was hired when her job duties of vacuuming the entire call center, dusting, changing all the trash in the building and wiping down all the desks became too much for her, she couldn't push herself any longer and told her supervisors she needed help and Mr Lare was hired and he also has commercial cleaning experience.

8.  The Concentrix Call Center was the call center for United Healthcare, Apple, Sam's Club and Etdna Healthcare and each company had about 100-200 employees so the work was a lot for Mrs Morales to do in 5 hours and it was physically overwhelming.

9.  SMI Facility Services didn't provide employees with proper cleaning supplies and tools and never gave employees sanitary disposable gloves to clean. SMI facility services gave a pair of rubber gloves that

were "reusable" to use and share between 4 employees. SMI didn't replace or wash cleaning rags on a regular basis and the rags and gloves started to smell and were a health hazard.

10. SMI Facility Services instructed Amanda to use corrosive chemicals telling her they were ok to use but didn't know what they were, didn't warn her about the dangers, didn't train her, didn't provide PPE of a suit, respirator, gloves and goggles.

11. Amanda was exposed to corrosive chemicals and in the presence of water omitted a gas that looked like smoke, the chemicals were connected to deteriorating plumbing and when the pipes malfunctioned the chemicals got on her hands.

12. Mrs Morales got very sick and there was no one in the building with her at the time and no one had put the SDS sheet in the closet.

13. Amanda got sick she felt nauseous, had a head ache, heart palpitations, anxiety, nerve damage, her kidneys hurt and lung damage.

14. These symptoms lasted for days and when she went to the hospital her saupervisors were not understanding and her supervisor instructed her to leave the hospital and meet her at the jail to give her the keys. Out of fear to lose her job she left and met up with her supervisor to give her the keys

15. She asked for 2 days off work but was harassed by 2 supervisors and her job was threatened. One of her supervisors children harassed Amanda calling her names, threatened her, belittled her and asking for those 2 days off was a problem.

16. When she returned to work she was told she was not allowed back to work at the jail and her hours would be cut due to what happened.

17. Amanda had no control over what happened because she didn't know the dangers and she could not have prevented the workplace injury.

18. At Concentrix Call Center Amanda was getting sexually harassed by the Concentrix Facility manager Jamie Martinez and he propositioned her for sexual favors.

19. Jamie Martinez asked several times for sexual favors in the month of September and he knew Amanda and Jerham were going to be getting married on October 5, 2019.

20. Amanda recorded a conversation with Jamie as proof of the sexual harassment

21. Amanda kept telling Jamie no and his complaints started to be excessive and done out of anger.

22. Jamie Martinez was known to yell, complain, be aggressive and instead of confirming his complaints no one from SMI Facility Services would come take a look for themselves.

23. Amanda complained about Jamie Martinez's behavior to her supervisor Maria Vega and Maria text her and encouraged her to tell the office.

24. Amanda informed SMI Facility Services on 10/28/2019 about Jamie Martinez's behavior and this was the same day she was told her hours were going to be cut because of the workplace incident.

25. Amanda didn't want the same thing to happen over something that wasn't her fault so she told Gloria Sanchez director of operations and Wade Hunt administration director. Jerham Lare was also in the meeting.

26. Nothing was done and Jamie created a hostile work environment with the excessive complaints that were not factual and SMI Facility Services would scold them.

27. Throughout Amanda's entire time while employed she was mistreated by supervisors who would make fun of her, put her down and expect her to do a lot of work and she was treated like a second class citizen who had no rights and owed it to them to work. The names they called her and the abuse of her supervisors who text her to make fun of her for being an introvert was unprofessional and unnecessary and caused depression, anxiety and self esteem issues.

28. Amanda and Jerham couldn't push themselves to work harder and harder and physically challenge themselves any longer so on 12/10/2019 Amanda wrote an anonymous note to the HR at Contentrix.

29. Two days later on 12/12/2019 Jamie Martinez made false accusations against Jerham claiming he stole a laptop and requested neither of return to work.

30. On 12/12/2019 security of the building informed us what Jamie Martinez had accused Me. Lare of and Amanda's harasser requested neither of return to work and not be allowed in the building.

31. Amanda made several attempts to contact her supervisor and called and sent her text messages but Maria didn't respond to any of the text messages or calls

32. The next day on Friday 12/13/2019 again several attempts were made to get ahold of someone from SMI Facility Services and Maria didn't respond and when she called the main office wasn't able to get ahold of Gloria Sanchez.

33. Saturday 12/14/2019 and Sunday 12/15/2019 the office is closed on weekends

34. On Monday 12/16/2016 Amanda sent Maria and Gloria the audio recording of the sexual harassment and still no one responded to the serious matter

35. On 12/18/2019 Gloria Sanchez was reached and she told Me. Lare and Mrs. Morales that they could schedule a meeting and meet in person to discuss everything that happened.

36. Due to the holidays Gloria Sanchez said she would be out of town and back in the office on 12/30/2019 and that was when the meeting was scheduled for at 9:30am

37. On 12/30/2019 Amanda and Jerham were informed that no investigation had been done in the 18 days since they had last worked

38. They were told they were fired for being no call no show from 12/12 to 12/16 but they were no scheduled for any hours and they made several attempts to contact them, this was surprising and didn't make sense.

39. SMI Facility Services didn't investigate nor did they inform Concentrix about Jamie Martinez's behavior and they allowed Jamie to retaliate against Mrs Morales and her husband for writing the anonymous note 2 days prior to his false accusations.

40. SMI Facility Services didn't investigate the theft accusations and didn't have proof, they took Jamie Martinez's word. Wade Hunt admitted that they were told about it but didn't see the security footage but claimed Jamie had it on security camera.

41. In the footage Jerham Lare is described to be throwing trash which is his job but was never seen with any laptop.

42. The termination meeting was recorded and proof of what was said was denied by SMI Facility Services but can be proven.

43. There's no proof that Amanda Morales's husband Jerham Lare ever stole a laptop. He was never seen with a laptop on security camera and these accusations were retaliation for reporting the sexual harassment 2 days prior to these false accusations being made against Mr. Lare.

44. Mrs Morales was never accused of theft but was not allowed back to work and SMI Facility Services never documented any investigations into the theft that was detailed and factual.

45. SMI Facility Services later told the EEOC Amanda Morales was involved in the theft of the laptop taken from an office but never did Amanda Morales or Jerham Lare ever have any access to any of the offices in the building. They never went in any office to clean and they were never assigned to go into the offices to clean. They were only assigned training rooms when class got out at midnight and the big call center areas. The day porter was the only SMI Facility Services employee who had access to any of the offices.

46. When Mrs Morales was terminated she was not accused of theft but since her husband was accused she was also included and action was taken against them without any investigations.

47. Amanda had asked for investigations into both the false accusations of theft against her husband and for the sexual Harassment and retaliation. She had sent proof of the sexual harassment on 12/16/2019 to operations director Gloria Sanchez and Gloria gave her the impression it was going to be investigated and talked about it at the meeting scheduled for 12/30/2019.

48. When Amanda was terminated and SMI Facility Services refused to investigate anything and the termination reason was "no call no show" from 12/12 to 12/16 this was not an accurate reason by

employee handbook. The employee handbook states that failure to show up for any scheduled shifts is considered a no call no show and "could result in disciplinary actions."

49. 12/12 to 12/16 she was not scheduled for any shifts and she made several attempts to contact SMI Facility Services and no one responded to her calls or text messages and she told Wade Hunt and Gloria Sanchez that she could prove it but they said it was too late and she was already terminated. Wade Hunt also said that there wasn't any available positions but SMI Facility Services had posted 3 positions 3 days prior to her being terminated.

50. SMI Facility Services had known about the sexual harassment and wrongfully terminated Amanda Morales and Jerham Lare for reasons that weren't factual nor were they violations that were termination reasons as stated in the employee handbook.

51. Amanda Morales didn't do anything wrong and the false accusations were against her husband and not her. She did not violate any employment policies and used her right to a safe work environment free of harassment by informing SMI Facility Services of the harassment 2 months prior to her being terminated and again 18 days before she was informed she was terminated and no action to investigate, move her to another location, prevent the harassment were done.

52. SMI Facility Services tried to prevent Amanda Morales and Jerham Lare from collecting unemployment and fought their unemployment but they were awarded unemployment after the case was heard by a judge and SMI Facility Services didn't provide one document of evidence or proof to support their objection to be eligible for unemployment.

53. SMI Facility Services didn't provide unemployment department with the proper employment dates and wages and left out 6 months of employment which caused our unemployment amount to be less and we had several issues with unemployment because of their ability to provide ALL of the dates of employment and all the wages quarters of employment.

54. EEOC complaint was filed in April 2020 and was not investigated. The charge was transferred to St. Luis District EEOC office and in March 2021 the investigator contacted Amanda Morales to introduce herself and to say the investigation was going to be dismissed. No questions or proper investigation was done by EEOC and they didn't do any fact finding or proper procedures for an investigation.

55. EEOC issued a right to sue and Amanda also requested a right to sue from the Human Rights diversion and issued on June 28, 2021 (see attachment)

56. Mrs Morales flied a complaint with the New Mexico environment department and a response back was an email forwarded to her from Wade Hunt administration director who denied the unsafe work conditions and downplayed the extent of the chemical exposure. He claimed that Mrs Morales was trained to use corrosive chemicals, PPE of gloves was provided and claimed Amanda asked for medical

gloves but was mistaken her request for disposable gloves which are more sanitary than "reusable" gloves.

## FIRST CLAIM FOR RELIEF

### Count 1 Wage Protection

As set out in the Equality Act 2010, men and women in the same employment performing **equal work** must receive equal pay, unless any difference in pay can be justified. the Fair Pay for Women Act by paying men more than women for the same work.

Equal pay applies to all contractual terms, not just pay. This includes: basic pay, non-discretionary bonuses, overtime rates and allowances, performance-related benefits, severance and redundancy pay, hours of work and sick pay. There are 3 types of equal work.

- **like work** is the same or broadly similar. It involves similar tasks which require similar knowledge and skills, and any differences in the work are not of practical importance.
- **work rated as equivalent** has been rated under a valid job evaluation scheme as being of equal value in terms of how demanding it is.
- **work of equal value** is not similar and has not been rated as equivalent, but is of equal value in terms of demands such as effort, skill and decision-making.

Amanda Morales was doing the same job as other males, she had prior experience and paid $9.15. SMI Facility Services posted the job at $9.50-$13.00 based on experience and the other males were all paid more than her with or without experience. Amanda Morales and her husband were paid less than the starting pay was for other employees.

### Count 2 National Origin Discrimination

SMI Facility Services had a preference for people who spoke Spanish and they posted it on job posts "Spanish Preferred" Speaking spanish was not a skill beneficial to being a janitorial services staff employee. It was preferred by clients for employees to speak Spanish but SMI Facility Services had a different preference and all the employees Amanda Morales worked with were paid higher wages and they all spoke spanish. Some of the other employees didn't have experience and were paid more than Amanda Morales who had 5 years of experience. Most of the employees Amanda worked with spoke little to no English and when Amanda was hired her supervisor and her had to communicate through text messages and a translator app on their phones

because her supervisor knew very little English. Due to the fact that most employees spoke Spanish Amanda was told she would never be able to move up in any management position due to her not being able to speak Spanish and was the primary language with the majority of SMI Facility Services employees at that time. She was treated differently because she didn't speak Spanish and it reflected in the amount of work given to her and the wages she earned.

## Count 2 Unsafe Working Conditions

General Duty Clause of the OSH Act.

OSHA Standards: Protection on the Job. OSHA standards are rules that describe the methods that employers must use to protect their employees from hazards. . These standards are designed to protect workers from a wide range of hazards. These standards also limit the amount of hazardous chemicals, substances, or noise that workers can be exposed to; require the use of certain safe work practices and equipment; and require employers to monitor certain hazards and keep records of workplace injuries and illnesses.

Examples of OSHA standards include requirements to:

A) Prevent exposure to harmful levels of substances like asbestos and lead;

B)Provide workers with respirators and other needed

safety equipment (in almost all cases, free of charge)

C) Inform workers about hazards through training,

labels, alarms, color-coded systems, chemical

information sheets and other methods.

D) Train workers in a language and vocabulary they

can understand.

E) Keep accurate records of work-related injuries and

illnesses.

F)  Perform tests in the workplace, such as air

sampling, required by some OSHA standards.

Defendants did not warn Mrs Morales about the chemicals being corrosive, they did not train her to use corrosive chemicals, they didn't ensure it was safe to use but instructed her to use them and didn't provide any PPE of gloves, goggles, a suit or a respirator. They did not have any safety data sheets in the janitor closet at the time of exposure. They did not inspect the chemical to make sure it was safe and they recklessly put her in danger.

## Count 3 Infliction of emotional distress

The duty to take reasonable care for the employee's health and safety. This duty states that the employer must ensure that the employee's physical and mental health is taken care of during employment. This also includes a duty to provide a safe and reasonable working environment. When injured from chemical exposure SMI Facility Services supervisors made fun of Amanda, threatened her, called her names and disrespected her and didn't allowe her to recover in peace. Her health was damaged and symptoms from the chemical exposure were anxiety, heart palpitations, lung damage among other things. The stress caused by the SMI Facility Services supervisors made her symptoms of stress, anxiety and heart palpitations worse and concerned her doctors the added stress was unnecessary and inappropriate behavior that made her feel bad about herself and effected her mental and physical health. Each action taken against Amanda Morales caused stress, anxiety and depression. SMI Facility Services just kept going one action after another, they terminated her without good cause, failed to provide a safe work environment free of sexual harassment, they repeated the lies of theft about her husband, and after her employment was over they continued to cause emotional and financial distress by going out of their way to try to prevent her from unemployment benefits she had rights to. Any and all opportunities to put her at an unfair disadvantage was taken by SMI Facility Services. They recklessly, negligently, willfully and intentionally caused emotional distress. The treatment for the workplace injury, the inconsiderate expectations and demands made, denying her the right to seek medical attention and recover in peace, the harassment, the unlawful violation of cutting her hours as punishment without any good reason, the failure to protect her against sexual harassment, to investigate anything and provide support as an employer, repeating the lies of Amanda Morales's harasser as truth when there was no evidence, wrongfully terminating her for the false accusations against her husband, spousal affiliation, attempts made to prevent her from unemployment benefits, defamation to the unemployment department about a theft that never happened as their own testimony and to the eeoc, and then failure to provide unemployment department with all of the wages she made the entire time she was employed to intentionally interfere with her rights to an income and assistance she has rights to. It was a lot physically, mentally and emotionally everything her body and mental health experienced and it didn't stop SMI Facility Services

continued to try to take from her in any way they could. It caused severe anxiety and depression. The treatment was inappropriate and no one ever showed any consideration towards her.

## Count 4 Workplace Injury Retaliation

Protection from retaliation means that an employer cannot punish workers by taking "adverse action", such as:

■ Blacklisting;

■ Demoting;

■ Denying overtime or promotion;

■ Disciplining;

■ Denying benefits;

■ Intimidation;

■ Making threats;

■ Reassignment affecting prospects for promotion; or

■ Reducing pay or hours.

Defendants retaliated against the Plantiff when she experienced a workplace injury SMI Facility Services didn't allow Mrs Morales to file for workers compensation, they intimidated her with threats when she was injured and when she returned to work her hours were reduced without good cause and as a punishment for the workplace injury they caused and failed to prevent.

## Count 5 Workplace Injury

The chemical exposure of corrosive chemicals caused Amanda Morales to have long term lung damage and heart palpitations. The lung damage caused Amanda to be prescribed an inhaler after the workplace injury and still requires use of the inhaler ever since the incident. The chemical exposure caused Amanda heart palpitations and was a concern and a problem after the exposure. Monitoring her heart palpitations and anxiety has been ongoing and requires careful minoring during the pandemic and puts her at risk for complications during the pandemic if she were to get infected with covid-19.  Also since the chemical exposure Amanda Morales has no had a normal period and it damaged her reproductive organs.

## Count 6  False reporting to the NM Environment Department

Section 50-4-17 - [Failure to keep record or comply with act; penalty.] (1933)

Universal Citation: NM Stat § 50-4-17 (2013)

50-4-17. [Failure to keep record or comply with act; penalty.] (1933)

The failure of any employer [any employer who fails] to keep such a record, or [makes] any false entry therein, or the failure [fails] to comply with the provisions of this act [50-4-13 to 50-4-18 NMSA 1978], shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than seventy-five dollars [($75.00)], or more than three hundred dollars [($300)] for each offense.  Wade Hunt administration director of SMI Facility Services lied to the Environment Department when a complaint about safety was made about the chemical exposure. Wade Hunt denied the severity of the incident and made false claims that SMI Facility Services provided gloves at the Sandoval County Detention Center but not one of Mrs. Morales's supervisors had visited the Detention Center in the 10 months she worked there but one time. Supplies were not given, no one ever checked on her or the building and it was an issue discussed between Amanda and her supervisor. She has to get supplies from the other building she worked at because none of her supervisors ever visited the site. Wade Hunt lied and sent a picture of rubber gloves and claimed this was a picture taken at the detention center but no one can confirm that anyone was ever there. He also made false claims that Amanda was trained which isn't true, she was never trained to use corrosive gases and the training she did get was in Spanish and Mrs Morales doesn't speak Spanish. The only training was a class of orientation and the video was in Spanish because the other employees in that class were the majority speaking Spanish so the video was in Spanish. Also SMI Facility Services downplayed the incident claiming gloves were provide but the PPE recommended was more than gloves it was a suit, goggles and a respirator. Lastly Wade Hunt's email to the Environmental Department blamed Amanda Morales and criticized her for asking for sanitary disposable cleaning gloves since SMI Facility Services only provided "reusable" gloves and they would start to smell and it was unsanitary to not change gloves after finishing cleaning the bathrooms but gloves were still necessary to clean other areas. Wade Hunt's email which was forwarded to Amanda Morales was not a true, accurate or factual information about the chemical exposure issue.

**Count 7 Sexual Harassment**

New Mexico state regulations to include sexual harassment (*NM Admin. Code Sec. 9.1.1.7*).

Coverage. The Act applies to employers with 4 or more employees. The 15-employee threshold for discrimination based on sexual orientation and gender identity no longer applies effective June 14, 2019. Spousal affiliation discrimination applies to employers with 50 or more employees

"Sexual harassment" is defined in state regulations as any unwanted and/or repeated physical or verbal act that is sexual, including sexual advances, sexual conduct, verbal or nonverbal sexual suggestions, and sexual ridicule or sexual innuendoes that affect an employee's compensation or the terms and conditions of employment (*NM Admin. Code Sec. 9.1.1.7*). Sexual orientation. "Sexual orientation" means heterosexuality, homosexuality, or bisexuality, whether actual or perceived.

When Mrs Morales experienced sexual harassment by the facilities manger at Concentrix Call Center she reported it to her supervisor and her supervisor encouraged her to tell the office. Mrs. Morales informed SMI Facility Services operations director Gloria Sanchez and Administrations director Wade Hunt about the sexual harassment and hostile work environment that she was working in but nothing was done. SMI Facility Services failed to correct, prevent or investigate the sexual harassment after Mrs Morales complained and even provided evidence on a separate occasion but SMI Facility Services ignored her concerns.

## Count 7 Retaliation

Retaliation occurs when employers treat applicants, employees or former employees, or people closely associated with these individuals, less favorably for:

- reporting discrimination;

- participating in a discrimination investigation or lawsuit (for example, serving as a witness), or;

- opposing discrimination (for example, threatening to file a charge or complaint of discrimination).

On 12/22/2019 8 days prior to Mrs Morales was fired she inquired with the EEOC about the sexual harassment she experienced. On 12/30/2019 she informed SMI Facility Services operations director Gloria Sanchez and Administrations director Wade Hunt that she had inquired with the EEOC about the sexual harassment since SMI Facility Services didn't investigate it and waited 18 days of false hope that it would be investigated and then terminating her. Before she was terminated she informed SMI Facility Services about her EEOC inquiry and then they fired her after she informed them and immediately said she was no longer employed.

1. Since at least October, 2019, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by suspending and terminating the employment of Amanda Morales because she opposed discriminatory practices and requested an investigation about sexual harassment she had experienced and complained multiple times and offered proof of the harassment. When she made complaints to the man harassing Mrs Morales the man made false accusations against Mrs Morales's husband and accused him of theft but was in Retaliation to Mrs

Morales speaking up about the sexual harassment. At his request Mrs Morales and her husband Mr Jerham Lare were not allowed back to work.

2.  The effect of the events described above has been to deprive Mrs Morales of equal employment opportunities in retaliation for exercising her protected right. The unlawful employment practices described above were intentional. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Amanda Morales.

## Count 8 Wrongful Termination

Mrs Morales was terminated instead of SMI Facility Services investigating and preventing workplace sexual harassment. SMI Facility Services knew about the sexual harassment and proof of the harassment was sent on 12/16/2019 which was 16 days prior to SMI Facility Services informing her she was terminated. The reason for termination was not a valid reason of "no call no show" from 12/12 to 12/16. Morales was not scheduled for any shifts and made several attempts to contact SMI Facility Services and no one responded to her calls or text messages. When she sent the sexual harassment proof the operations director didn't respond or acknowledge the serious matter and condoned the misconduct. SMI Facility Services had knowledge about the situation and failed to act but instead terminated her and her husband for an invalid reason and avoided responsibility or accountability to handle the situation.

## Count 9 Unemployment Benefits Fraud

 SMI Facility Services gave false information to the unemployment department to try to prevent Amanda Morales from getting benefits. She did not do anything that would make her ineligible for benefits but SMI Facility Services lied to the unemployment department and made false accusations against her which they could not support with any documents or evidence. To further prevent Amanda Morales from unemployment benefits SMI Facility Services didn't provide the unemployment department with all of the edge quarters wages and lowered her amount of benefits since not all her wages were provided to calculate her benefit amount. SMI Facility Services only provided the first 2 wage quarters of 2019 and didn't provide the unemployment department with wages from July to December 2019. She made more in the wages the months SMI Facility Services didn't include to the unemployment department and willfully and acted against Amanda Morales to prevent her from benefits even though she was eligible and did nothing wrong to deserve them to go to great lengths to again take from her a form of income. She has had many problems with unemployment because of this mistake and it was difficult maintaining benefits during the pandemic since the unemployment department was given only partial wages it appeared like she didn't work long enough to get

extended benefits and she faced constant problems because of SMI Facility Services actions to prevent her benefits.

**Count 9 Breach of implied contract**

A) Breach of contact in the specific and mandatory employee handbook policies. Employer must terminate you for poor performance or have a good-faith business reason to fire you based on the agreed employment policies that the employee agreed to and signed when hired. Termination reason of "no call no show" even though Amanda Morales was not scheduled was not a violation according to the handbook. She found out on 12/12 she was not allowed in the building, her supervisor failed to respond to her calls and text messages. The next day was Friday 12/13/2019 and again no one responded. Then on Saturday 12/14 and Sunday 12/15 the office is closed. On Monday 12/16 the sexual harassment proof was sent to Gloria Sanchez operations director. This was not a no call no show if 2 out of those 3 days the office was closed in weekends and she tried to offer proof that she called several times.

**Count 10 Hostile Work Environment**

Amanda Morales experienced a hostile work environment the entire time employed with SMI Facility Services, any time she needed guidance, supplies, understanding or anything from SMI Facility Services as an employer never did they provide anything an employer should. They did not train her to use dangerous chemicals and orientation when she was hired was in Spanish. Amanda had to communicate with her supervisor Silvia through text messages to translate the conversations between the two. She was expected to do a job that for even 2 employees was a lot of work. She was disrespected on several occasions with threats and name calling. SMI Facility Services was difficult about giving employees supplies and tools to work and Amanda and her husband bought their own gloves and vacuum bags. SMI Facility Services was responsible with anything and they didn't schedule her, assign her job duties, respect her rights to seek medical attention when exposed to chemicals that they told her to use that were corrosive, they bullied her and whenever she needed their help the answer wasn't to deal with the situation but each time remove her from working instead of fixing the problems.

**Count 11 Spousal Affiliation**

Under the New Mexico Human Rights Act, employers are prohibited from refusing to hire, promote, terminating, demoting, denying training opportunities to, or otherwise discriminating against an individual with respect to compensation or terms, conditions, or privileges of employ-ment based on spousal affiliation.

For purposes of spousal affiliation discrimination, an employer is defined as any person employing 50 or more employees.

SMI Facility Services wrongfully terminated Amanda Morales for false accusations made against her husband, and not her. The man who harassed her made the false accusations against her husband Jerham Lare not her there was no good cause to terminate her. Taking action against her due to her spousal affiliation was unlawful unethical employment practices.

**Prayer of Relief**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants

complained of herein violate the laws of the United States and the State of New Mexico

B. An injunction and order permanently restraining Defendants from engaging in

such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position she would have

occupied but for Defendants' discriminatory, retaliatory and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment

interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to workplace injury and all medical treatments and medications, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses

suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

Enjoin Defendant RP A from:

(i) subjecting employees to discrimination and harassment based on national origin; workplace safety policies, OSHA regulations and standards compliance, worker's compensation rights, equal pay rights, breach of implied contract, violations of workers rights

(ii) retaliating against employees who engage in activity protected under Title

VII;

(b) Order Defendant RP A to develop and implement appropriate and effective

measures designed to prevent discrimination, harassment, and retaliation,

including but not limited to policies and training for employees and managers;

(c) Order Defendant RPA to develop appropriate and effective measures to receive

complaints of discrimination, harassment, and retaliation as well as a process for

investigating such complaints;

(d) Award compensatory damages to Morales and similarly-situated employees to fully

compensate them for their injuries caused by Defendant SMI Facility Services discriminatory, harassing, and retaliatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991,42 U.S.C. § 1981 a; and

(e) Award such additional relief as justice may require, together with the United

States' costs and disbursements in this action.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Amanda Morales

205 Calle Del Banco

Bernalillo, NM 87004

Plantiff

Date

Amanda Morales

9/23/2021



**MICHELLE LUJAN GRISHAM**
**GOVERNOR**

**BILL McCAMLEY**
**SECRETARY**

**HOWIE MORALES**
**LT. GOVERNOR**

**STATE OF NEW MEXICO**
**DEPARTMENT OF WORKFORCE SOLUTIONS**
Labor Relations Division - Human Rights Bureau
1596 Pacheco Street, Suite 103
Santa Fe, NM 87505
Phone: (505) 827-6838

## <u>ORDER OF NON-DETERMINATION</u>
June 25, 2021

Amanda Morales
205 Calle del Banco
Bernalillo, NM 87004

Gregory Biehler
Lewis Brisbois
8801 Horizon Blvd. NE, Ste.300
Albuquerque, NM 87113

Re:   **Amanda Morales vs. SMI Facility Services**
      **EEOC # 543-2020-00231**

Dear Ms. Morales:

As authorized by Section 28-1-10 (D) of the New Mexico Human Rights Act and the Work Sharing Agreement between the Equal Employment Opportunity Commission and the New Mexico Human Rights Bureau, this letter constitutes an Order of Non-Determination as to your complaint. In accordance with <u>Mitchell-Carr, Smith, Vaughn and Herrera v. Office and Professional Employees International Union Local 251</u>, 1999-NMSC-025, ¶ 10, 127 N.M. 282, this Order of Non-Determination is issued to afford you the right to pursue your complaint under the Human Rights Act in state district court.

By issuing this Order of Non-Determination, the Bureau has closed this complaint administratively, with prejudice. Therefore, you may not re-file this complaint with this bureau. You may obtain a new trial; however, by appealing this Order of Non-Determination to the proper district court. According to Section 28-1-13 (A) of the New Mexico Human Rights Act, you have ninety (90) days from the date of service of this Order of Non-Determination to file notice of appeal in the district court of the county where the alleged discriminatory practice occurred or where the respondent does business. The Bureau should not be named as a party to the appeal, unless you have an independent and separate claim against the Bureau. Section 28-1-13 (A) of the Act also requires that you serve a copy of the notice of appeal personally or by certified mail, return receipt requested, at the last known address of all parties. You also must serve a copy of the notice of appeal on the bureau office in Santa Fe. To properly serve the parties, you must comply with any other service of process requirements set forth in the New Mexico Rules of Civil Procedure at 1-004.

*IF YOU DO NOT FILE A NOTICE OF APPEAL WITH THE APPROPRIATE DISTRICT COURT WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS ORDER, AND IF YOU DO NOT PROPERLY SERVE THE NOTICE, YOUR RIGHT TO APPEAL THIS ORDER OF NON-DETERMINATION TO THE DISTRICT COURT WILL EXPIRE.*

If you have any question concerning this Order of Non-Determination, contact the Human Rights Bureau at 827-68

Sincerely,

son Gallegos
ead Investigator

FILED IN MY OFFICE
2ND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
CLERK OF THE COURT
9/23/2021 4:37 PM
· LUKE TESSMAN

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

Amanda Morales
_____,
Plaintiff

v.                                    No. _CV 2021 005581_____

SMI facility Services
_____,
Defendant

### APPLICATION FOR FREE PROCESS AND AFFIDAVIT OF INDIGENCY

My marital status is: Single _____ Married ✗ Divorced _____ Separated _____ Widowed _____

I request interpretation services: _____ yes ✗ no (If yes, please describe what you need)
_____
_____

**INFORMATION ABOUT MY FINANCES (check all that apply to you and fill in the blanks):**

A.   PUBLIC ASSISTANCE
   ✗   I do not receive public assistance. (If you check this blank, go directly to Section B
         EMPLOYMENT/UNEMPLOYMENT).
   ___   I currently receive the following public assistance in _Sandoval_____ County (please check all
         applicable public assistance programs):
         _____ Temporary Assistance for Needy Families (TANF)
         ✗ Food Stamps
         ✗ Medicaid
         _____ General Assistance (GA)
         _____ Supplemental Security Income (SSI)
         _____ Social Security Disability Income (SSDI)
         _____ Public Housing
         _____ Disability Security Income (DSI)
         _____ Department of Health Case Management Services (DHMS)
         _____ Other (please describe _____ . _____ )

B.   EMPLOYMENT/UNEMPLOYMENT

   _____   I am currently unemployed and have been unemployed for _____ months in the past year.
I am unemployed because _____.
         _____ I receive unemployment benefits in the amount of $_____ per month.
         _____ I have no income because I am unemployed.
   ✗ I am employed. I am paid $ _15_ per hour and work _10_ hours per week.
         My employer's name, address and phone number is:
         _Self employed   805 Calle Del Barco  Bernalillo_
         _____ NM 87004 _____.
         _(505) 318-2400_____.

_____ I am married, and my spouse is unemployed and has been unemployed for _____ months
in the past year because _____

    _____ My spouse receives unemployment benefits in the amount of $_____ per month.

X _____ I am married, and my spouse is employed. My spouse is paid $ **5** per hour and works **10**
hours per week.

My spouse's employer's name, address and phone number is:
__Self employed__  __205 Calle Del Banco Bernalillo NM__
__87004   (505) 218-5643__
_____

**C.**    **OTHER SOURCES OF INCOME (Check all that apply)**

_____ I have income from another source not mentioned above.
    _____ Child Support $ _____
    _____ Alimony $_____
    _____ Investments $_____
    _____ Community property from my spouse $_____
    _____ Other _____  $_____

X _____ I do not have any other sources of income.

_____ I am married, and my spouse has income from another source not mentioned above.
    _____ Child Support $ _____
    _____ Alimony $_____
    _____ Investments $_____
    _____ Other _____  $_____
    _____ Other _____  $_____

X _____ I am married, and my spouse does not have any other sources of income.

_____ Another adult contributes to household income in the following amount: $_____.

**D.**    **OTHER ASSETS (Please list other assets owned by you or your spouse that can be turned
into cash. Do not include money you have in retirement accounts):**

| | |
|---|---|
| Cash on hand | $ 0 |
| Bank accounts | $ 1000 100 |
| Stocks/bonds | $ _____ |
| Income tax refund | $ _____ |
| Other assets (describe below): | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

IF YOU DO NOT HAVE ACCESS TO YOUR OWN OR YOUR SPOUSE'S INCOME OR ASSETS, EXPLAIN WHY.

_____

_____

## E.    MONTHLY EXPENSES

| | |
|---|---|
| House Payment/Rent | $ 150 |
| Utilities | $ _____ |
| Telephone | $ 100 |
| Groceries (after food stamps) | $ _____ |
| Car Payment(s) | $ _____ |
| Gasoline | $ 50 |
| Insurance | $ 100 |
| Child Care | $ _____ |
| Student and Consumer Loans | $ _____ |
| Court-ordered family support obligations | $ _____ |
| Other court-ordered payments | $ _____ |
| Medical expenses | $ _____ |
| Other _____ | $ _____ |

## F.    HOUSEHOLD

I live at __205 Calle Del Banco  Bernalillo, NM 87004__,

and the head of the household is __Jerham Lare__,

Other than myself, the other members of the household are:

| Name | Age | Employment | I Support |
|---|---|---|---|
| _____ | ____ | _____ | ( ) |
| _____ | ____ | _____ | ( ) |
| _____ | ____ | _____ | ( ) |
| _____ | ____ | _____ | ( ) |
| _____ | ____ | _____ | ( ) |

*This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies. If at any time the Court discovers that information in this application for free process was false, misleading, inaccurate, or incomplete at the time the application was submitted, the Court may require me to pay for any costs or fees that were waived under an order of free process that was granted based on the information in this application.*

I, Amanda Morales , the (Petitioner/Respondent), affirm under penalty of

perjury under the laws of the State of New Mexico that the preceding statements are true and

correct.

Date: 9/23/2021

Amanda Morales
*Signature*

Amanda Morales
*Name (printed)*

205 Calle Del Barco Bernalillo NM 87004
*Address*

(505) 318-2400
*Telephone number*



**INCOME SUPPORT DIVISION**
CENTRAL ASPEN SCANNING AREA
P.O. BOX 830
BERNALILLO NM 87004
**PHONE NUMBER:** (800) 283-4465
**FAX NUMBER:** (855) 804-8960

32300000839037000000Y

| Case Name: | Amanda Morales |
|---|---|
| Case Number: | 120336605 |
| Date: | September 4, 2021 |

Revision Date: HSD 1210 August 22nd, 2021

AMANDA MORALES
205 CALLE DEL BANCO
BERNALILLO NM 87004

# Notice of Case Action

Dear Amanda Morales Household,

This letter is about your benefits. For questions, call the Human Services Department's Income Support Division (ISD) at **(800) 283-4465**. Or log on to YESNM at **https://www.yes.state.nm.us/**.

| Benefit | Case Action |
|---|---|

**SNAP**

Your SNAP benefits changed on **September 04, 2021.**

|  | FROM | TO |
|---|---|---|
| October 2021 (Ongoing) | $234.00 | $250.00 |

To learn more, read "Your SNAP Benefits" section below.





Each program has its own rules. Some persons may count as household members, but may not qualify for every program. To learn more, read the rest of this letter.

**Notice of Rights**
To learn your civil rights and your right to a fair hearing, read the last page of this letter.

**Your Supplemental Nutrition Assistance Program (SNAP) Benefits**

Who will get SNAP and how much:

| Month | Household Benefit Amount | Who | Renewal Month |
|---|---|---|---|
| October 2021 - July 2022 | $250.00 | Amanda Morales | July 2022 |

**SNAP benefits change:**

| Month | Why |
|---|---|
| October 2021 | The SNAP benefit changed because:<br><br>Your household's allowable income deductions changed.(NMAC 8.139.520.11), Your benefits changed due to yearly changes in federal rules.(NMAC 8.139.120.13)<br><br>To learn more, read the SNAP Tables at the end of this letter. |

### Other Important Information About SNAP

**What else should I know about SNAP?**
- Future benefit amounts may change when HSD receives information regarding a change. When the change becomes known to HSD and is also verified, HSD will take action to determine your eligibility.
- If you begin getting cash such as Temporary Assistance for Needy Families (TANF) or General Assistance (GA) from the New Mexico Human Services Department (HSD), your SNAP benefits will lower or end.
- HSD must try to get back any benefits a household should not have gotten. This is called "overpayment" or "over issuance." HSD may lower household benefits to pay back overpaid benefits.

If all your household members now get Supplemental Security Income (SSI) or plan to apply for SSI, you may apply to keep your SNAP food benefits. Apply at the Social Security office, not at the local ISD office.

**What other help may I get?**
You may be able to get help from other assistance programs.
- For information about non-tribal food commodity programs call (800) 648-7167.
- For nutrition education services, ask your caseworker about the SNAP nutrition education program called "ICAN."

You may be eligible for an Earned Income Tax Credit when you file your income tax returns. Call (800) 829-1040 to learn about the Earned Income Tax Credit, the Childcare Credit or to find out where you can get free tax help to file your income tax return.

FILED IN MY OFFICE
2ND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
CLERK OF THE COURT
9/23/2021 4:36 PM
LUKE TESSMAN

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

_Amanda Morales_ ,
Plaintiff

v.

_SMI Facility Services_ ,
Defendant

No. CV 2021 005581

## ORDER ON APPLICATION FOR FREE PROCESS

THIS MATTER having come before the court on Plaintiff's application for free process and affidavit of indigency, and the court being otherwise advised in the premises,

FINDS that:

[✓]   the applicant receives public assistance and is, therefore, entitled to free process.

[ ]   the applicant's annual income does not exceed _____ percent of the federal poverty guidelines, and the applicant is, therefore, entitled to free process.

[ ]   the applicant's annual income exceeds _____ percent of the federal poverty guidelines, but the applicant is not reasonably able to pay fees or costs and is, therefore, entitled to free process.

[ ]   on the basis of the applicant's available funds or annual income, the applicant is not entitled to free process.

[ ]   the applicant is not entitled to free process for the forgoing reason(s):

_____

_____

## THE COURT ORDERS that:

[✓]   the filing fee is waived.

Rev 3/30/20

[ ] ~~the filing fee is waived except for the $_____ alternative dispute resolution (ADR) fee.~~

[✓] the applicant is granted free service of process by the Sheriff in Bernalillo County, New Mexico for 1 2 3 4 5 or _____ summons(es), provided that the applicant first attempts service by certified mail pursuant to Rule 1-004 NMRA.

[ ] the applicant is granted free service of process by the Sheriff in Bernalillo County, New Mexico of a temporary restraining order or_____

[ ] the applicant is to pay the filing fee on_____, 20____

[ ] interpretation services shall be provided to the applicant.

[ ] free process is denied.

[ ] Other:_____

Unless specifically granted above, this order of free process does not include the following costs: jury fees, certification fees, subpoena fees for witnesses, witness fees for hearings or trials, mailings, long distance charges, transcripts for appeals or record proper, duplication fees for audiotapes or compact discs, copy charges, publication fees, or facsimile services. Application for all other costs are to be made to the judge assigned to your case. If the applicant prevails in this law suit and collects money by judgment or settlement, the court is to be reimbursed for any waived costs. *This order is subject to revision, modification or rescission by the judge assigned to your case.*

*Nancy J. Franchini*

JUDGE - Second Judicial District Court

FILED IN MY OFFICE
2ND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
CLERK OF THE COURT
9/23/2021 4:36 PM
LUKE TESSMAN

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

D-0202-CV- **CV 2021 005581**

_Amanda morales_

           Plaintiff(s),

vs.

           _smi facility services_
Defendant(s).

### COURT-ANNEXED ARBITRATION CERTIFICATION

(Party and Attorney) _Amanda Morales_ , pursuant to
Second Judicial District Local Rule 2-603, certifies as follows:

_____ This party seeks only a money judgment and the amount sought does not exceed
twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney
fees.

__X__ This party seeks relief other than a money judgment and/or seeks relief in excess of
twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney
fees.

Signature _Amanda Morales_

Printed Name: _Amanda Morales_

Law Firm: _____

Address: _205 Calle Del Banco_

City/State/Zip: _Bernalillo NM 87004_

Phone/Fax: _(505) 318-2400_

I hereby certify that an endorsed copy of the foregoing pleading was mailed or delivered to all parties
entitled to notice on this _23_ day of _september_ , 20 _21_
                        Signature: _Amanda Morales_

_02/26/2007_

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**10/5/2021 10:10 AM**
**CLERK OF THE COURT**
**Edna Kasuse**

SUMMONS

| | |
|---|---|
| District Court: Second Judicial District Court<br>Bernalillo County, New Mexico<br>Court Address: 400 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Court Telephone No.: (505) 841-7451 | Case Number: CV 2021005581<br><br>Judge: LISA CHAVEZ ORTEGA |
| Plaintiff(s): Amanda Morales<br><br>v.<br><br>Defendant(s):<br><br>SmI facility Services | Defendant Name: SmI facility Services owner Val Garcia<br>Address:<br>5015 Prospect Ave NE, Albuquerque NM 87110 |

### TO THE ABOVE NAMED DEFENDANT(S):   Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this 23 day of September, 2021

**KATINA WATSON**
CLERK OF COURT

By: _____
Deputy
**Luke Tessman**

_____
Signature of Attorney for Plaintiff
[or Plaintiff Pro Se]
Name: Amanda Morales
Address: 205 Calle Del Banco Bernalillo, NM 87004
Telephone No.: (505) 318-2400
Fax No.:
Email Address: moralesamanda913@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN

STATE OF NEW MEXICO )
                     )ss
COUNTY OF __Bernillo__

I being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in __Bernillo__ county on the __29th__ day of __September__ ____, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

(check one box and fill in appropriate blanks)

[] to the Respondent (used when Respondent accepts a copy of summons and petition or refuses to accept the summons and petition)
[] to the Respondent by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____ (used when the Respondent is not presently at place of abode) and by mailing by first class mail to the Respondent at _____ (insert Respondent's last known mailing address) a copy of the summons and petition.
[] to _____ the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ (insert Respondent's business address) and by mailing the summons and petition by first class mail to the Respondent at (insert Respondent's last known mailing address).
[] to _____, an agent authorized to receive service of process for Respondent

[] to _____, [parent] [guardian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).
[x] to __Wade Hunt__, (name of person), __Operations Manager__ (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of Person making service

__Deputy Sheriff__
Title (if any)

Subscribed and sworn to before me this _____ day of _____, 20___.

NO CHARGE

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official Title

**STATE OF NEW MEXICO**                                    **COUNTY OF BERNALILLO**

## IN THE SECOND JUDICIAL DISTRICT COURT

*AMANDA MORALES*
                              Plaintiff
-Vs.
                                                    CASE NO.   D-202-CV-2021-005581

*SMI FACILITY SERVICES*
                              Defendant

AFFIDAVIT OF MAILING

STATE OF NEW MEXICO     )
                                      :   SS.
COUNTY OF BERNALILLO   )

*Naomi Padilla*, of lawful age, being first duly sworn, upon her/his oath, deposes and states as follows that on the *September 30, 2021* she/he deposited a copy of the:

*SUMMONS & COMPLAINT*

Filed in the above entitled and numbered case in the United States Post Office, at Albuquerque, New Mexico, postage prepaid and directed to each of the following named defendants at his or her respective place of residence as shown below:

> *SMI FACILITY SERVICES*
> 5015 PROSPECT AVE NE
> ALBUQUERQUE, NM 87110

_____
                                            Naomi Padilla; **Affiant**

Subscribed and sworn to before me on this
*September 30, 2021*

_____
NOTARY PUBLIC
My commission expires: __11/14/21__

(Seal)

**OFFICIAL SEAL**
**Jaime Navarro**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 11/14/21

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**10/11/2021 9:52 AM**
**CLERK OF THE COURT**
**Shellene Romero**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

AMANDA MORALES,

      Plaintiff,                Case No. D-202-CV-2021-05581

vs.

SMI FACILITY SERVICES,

      Defendant

## ENTRY OF APPEARANCE

The law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP (by Gregory L. Biehler), hereby enters its appearance in the above-entitled and numbered cause of action as counsel on behalf of SMI Facility Services.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/Gregory L. Biehler*
       Gregory L. Biehler
       *Attorneys for Defendant SMI Facility Services*
       8801 Horizon Blvd. NE, Suite 300
       Albuquerque, New Mexico 87113
       Phone: (505) 828-3600
       greg.biehler@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2021, the foregoing was filed through Court's Odyssey e-filing system, and served via U.S. mail on the following pro-se party of record:

Amanda Morales
205 Calle Del Banco
Bernalillo, NM 87004

*/s/Gregory L. Biehler*
Gregory L. Biehler

4824-3924-6078.1