## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

AMANDA MORALES,

      Plaintiff,

    v.                                        Case No. 1:21-cv-01044-KWR-JHR

SMI FACILITY SERVICES,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Supreme Maintenance Incorporated's Motion to Quash Plaintiff's Service (**Doc. 3**).  Plaintiff, a *pro se* litigant, filed suit against Val Garcia and SMI Facility Services in the Second Judicial District Court, Bernalillo County, State of New Mexico asserting federal civil rights and employment discrimination claims.  *See* **Doc. 1**. Plaintiff alleges that she was discriminated against on the basis of her sex and paid less than her male colleagues, was exposed to harmful chemicals and unsafe working conditions, and was retaliated against and terminated after reporting allegations of sexual harassment to her supervisors.  Defendants timely removed this case to this Court (**Doc. 1**).

Plaintiff's employer, Supreme Maintenance Inc. ("Defendant"), "specially appear[s]" and now moves under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) to quash Plaintiff's service of the summons and complaint and dismiss the case on the grounds that (1) Plaintiff's service of process was deficient, and (2) Plaintiff has failed to effect proper service.  **Doc. 3, at 1, 2**.  For the reasons stated herein, the Court finds that Defendant's motion is well taken, and therefore is **GRANTED IN PART AND DENIED IN PART**.

## LEGAL STANDARD

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Thus, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) "allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260 (10th Cir. 1999).

A Rule 12(b)(4) motion "constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *See Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 686 (D.N.M. 2018) (quoting *Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)). While a Rule 12(b)(5) motion "challenges the mode or lack of delivery of a summons and complaint." *Id.* (quoting *Oltremari*, 871 F. Supp. at 1349).

The burden to establish validity of service is on Plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). And where a plaintiff does not meet this burden, a court has the discretion to dismiss for failure to properly serve or it may quash the service of process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant. *See Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). However, "technical defects" in a summons do not warrant dismissal unless a party can demonstrate actual prejudice. *See Martinez*, 347 F. Supp. 3d at 686 (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)).

## DISCUSSION

"Where service of process is attempted prior to removal of an action to federal court, state law determines whether service was valid." *Roscoe v. Schoenberger*, 87 F.3d 1327 (10th Cir. 1996); *see also Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state…to determine whether service of process was

perfected prior to removal."). "If service of process was not accomplished in the state court prior to removal, it may be done in the federal district court[,] with the case thereafter being governed by the Federal Rules of Civil Procedure and related provisions of law." *See Sandoval v. TGM Oak Tree Park*, No. 16-CV-144-MCA-SCY, 2016 WL 9818312, at *1 (D.N.M. Nov. 30, 2016) (internal citations and quotations omitted).

Plaintiff's complaint was originally filed in state court and Plaintiff attempted service of process prior to removal to this Court; therefore, the rules for serving a summons and complaint in New Mexico apply. In relevant part, a summons must include the names of the parties and be directed to the defendant being sued. *See* N.M. R. Civ. P. Dist. Ct. 1-004(B)(1). Service of the summons and complaint "shall be made with reasonable diligence"[1] and process "shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." N.M. R. Civ. P. Dist. Ct. 1-004(C)(2), (E)(1). Process may be insufficient if the summons and complaint refer to a party in the wrong name. *See* 5B Wright & Miller, Federal Practice and Procedure § 1353 (3d ed. 2021).

Service by mail or commercial courier service is permitted under New Mexico Rules of Civil Procedure 1-004(E)(3). In addition, under Rule 1-004(G)(1)(a), service may be made on a corporation by "serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." Rule 1-004(G)(2) also provides that "[i]f none of the persons mentioned is available, service may

---

[1] New Mexico does not have a specific time limit within which service of the summons and complaint must be made. "The basic rule in New Mexico is that all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a reasonable time for service of process." *Romero v. Bachicha*, 2001-NMCA-048, ¶ 17, 130 N.M. 610, 615, 28 P.3d 1151, 1156. The district court has discretion to determine "whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness." *See Graubard v. Balcor Co.*, 2000-NMCA-032, ¶ 12, 128 N.M. 790, 793, 999 P.2d 434, 437.

be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge."

Here, first, Defendant objects to the entity and address on the summons.  *See* **Doc. 3, at 4**. Defendant asserts that the summons is addressed to "SMI Facility Services Owner Val Garcia at 5015 Prospect Ave NE, Albuquerque, NM 87110."  ***Id.*** (internal quotations omitted).  Defendant maintains that SMI Facility services "is a nonexistent entity," and therefore, SMI Facility Services cannot accept service at the listed address.  ***Id.***; *see also* **Doc. 3, Ex. A, ¶ 3**.  Defendant argues that because the "process forms are technically deficient, Plaintiff's purported service on Supreme Maintenance Incorporated should be quashed and her Complaint should be dismissed."  *See* **Doc. 3, at 4**.

Next, Defendant asserts that Plaintiff failed to properly serve Supreme Maintenance because Plaintiff "failed to mail the Summons and Complaint to any parties authorized by law or appointed by Supreme Maintenance Incorporated to accept service of process."  ***Id.* at 5**. Defendant alleges that Plaintiff mailed a copy of the summons and complaint to "Wade Hunt" at SMI Facility Services, but that this individual is "is not an officer, manager, general agent or person authorized to receive service of process" on Defendant's behalf.  ***Id.***; **Doc. 3, Ex. A, ¶¶ 6, 7**.

The Court finds that process and service of process was not perfected prior to Defendant's removal of this case.  As a threshold matter, Plaintiff failed to properly name the correct party. Here, Supreme Maintenance Inc., not SMI Facility Services, was Plaintiff's employer.  *See* **Doc. 3, Ex. A, ¶ 1**.  Supreme Maintenance is a New Mexico corporation registered with the New Mexico Secretary of State as required, and information about the company is publicly available.  *See* **Doc. 3, at 5**.  SMI Facility Services does not appear to be a "legal entity" or an existing company, nor does it appear to be affiliated with Supreme Maintenance.  *See* **Doc. 3, Ex. A, ¶ 3**.  The summons

also bears the incorrect address for Supreme Maintenance.  *See* **Doc. 1, at 34**.  Thus, Supreme Maintenance has demonstrated that process was insufficient.  Nevertheless, Supreme Maintenance has had actual notice of the suit and has not demonstrated any prejudice resulting from these defects.

      Defendant has also demonstrated that service of the summons and complaint was improper.  Supreme Maintenance does not accept service of process at "5015 Prospect Ave NE, Albuquerque, NM 87110," nor is this address Defendant's place of business.  *See* **Doc. 3, Ex. A, at 2**.  Additionally, the individual authorized to accept service of process on Defendant's behalf is "Valentin Garcia."  *See* **Doc. 3, Ex. A, ¶ 6**.  According to New Mexico Rule of Civil Procedure 1-004(G), Plaintiff should have served Valentin Garcia, or an officer, managing or a general agent or to any other authorized agent.  Wade Hunt is not authorized to receive service on behalf of Defendant, *id.* **¶ 7**, nor has Plaintiff put forward any evidence concerning why process was served on Wade Hunt rather than one of Defendant's listed officers or agents.  Because Plaintiff served the summons and complaint to a non-existent entity and to an individual not authorized to accept service on Defendant's behalf, Plaintiff has failed to satisfy the New Mexico Rules of Civil Procedure.

      Moreover, process and service of process was not perfected after removal.  Once the case was removed to this Court, it was governed by the procedural requirements in the Federal Rules of Civil Procedure.  *See Wallace*, 596 F.3d at 706; 28 U.S.C. § 1448 ("In all cases removed from any State court…in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

In federal court, like in New Mexico state courts, a summons must include the names of the parties and be directed to the defendant being sued.  *See* Fed. R. Civ. P. 4(a)(1)(A), (B).  "The court may permit a summons to be amended."  Fed. R. Civ. P. 4(a)(2).  Under Federal Rule of Civil Procedure Rule 4(m), a plaintiff must serve a defendant with a copy of the summons and complaint within 90 days after filing the complaint.  If a plaintiff fails to do so and does not show good cause for that failure, a court may dismiss the action without prejudice as to that defendant, or direct that service be effected within a specified time.  *See id.*  Rule 4(e)(1) allows for service to be effected on a defendant corporation in a judicial district of the United States by following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case is still New Mexico law.  Fed. R. Civ. P. 4(e)(1), 4(h)(1).

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [the Court of Appeals for the Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal alterations and citations omitted).

In this case, Plaintiff filed her complaint on September 23, 2021.  Defendant removed this case (**Doc. 1**) and filed the motion to quash service (**Doc. 3**) on October 29, 2021. Pursuant to Local Rule of Civil Procedure 7.4(a), Plaintiff was required to file a response to the motion within fourteen days after service of Defendant's motion.  Plaintiff did not file a response.[2]  The record

---

[2] Plaintiff sent an email to the chambers of Judge Laura Fashing with two files attached: a Response to Defendant's Motion to Quash Plaintiff's Service and an MP3 audio file.  *See* **Doc. 6**.  Plaintiff's email constituted an improper *ex parte* communication.  *Id.*  Additionally, Local Rule of Civil Procedure 5.1(a) states: "Faxing, email or any other form of electronic submission does not constitute electronic filing and will not be accepted by the Clerk."  After receipt of Plaintiff's email, she was informed that she "ha[d] not properly filed her Response to Defendant's Motion to Quash Service. She must mail this response to the Clerk of Court to file it."  *See* **Doc. 6, at 2**.  Plaintiff was also provided

reflects that Defendant has not been properly served with the summons and complaint. However, Plaintiff has 90 days from Defendant's notice of removal to effectuate service of process. *See Wallace*, 596 F.3d at 706–07 ("Once Microsoft removed the case to federal court prior to the expiration of the ninety-day period for service under state law, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) gave Mr. Wallace an additional 120 days in which to perfect service."); *Baumeister v. New Mexico Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1355 (D.N.M. 2006) (granting Plaintiffs 120 days from the date of removal to perfect service).[3] Thus, Plaintiff still has time to accomplish service under the federal rules.

Finally, although the summons and complaint name a non-existent entity, and not Supreme Maintenance, "dismissal is not an appropriate remedy for Plaintiff's failure to properly name Defendant in the complaint."[4] *See Acosta v. Cty. of Socorro*, No. 15-CV-962 JAP/LAM, 2016 WL 10179312, at *3 (D.N.M. Aug. 11, 2016) ("Plaintiff could easily fix the misnomer, without prejudice to Defendant, simply by filing an amended complaint updating the caption and use of Defendant's name").

The Court recognizes the complex nature of the requirements of the federal and state rules of service, especially for a *pro se* plaintiff. *See Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995). Therefore, the Court will quash the service without dismissing the suit and allow Plaintiff an opportunity to serve Defendant. *See Pell*, 711 F.2d at 950 n.2. The Court directs Plaintiff to consult Rules 4 and 5 of the Federal Rules of Civil Procedure and the District of New

---

with the phone number of the Clerk's Office if she needed assistance failing her response. *Id.* Plaintiff failed to file a response after this notice.

[3] In 2015, the time for serving a defendant was changed from 120 to 90 days in order to "reduce delay[s] at the beginning of litigation." *See* Fed. R. Civ. P. 4 (Advisory Committee Notes).

[4] The Court's determination on this point does not preclude Defendant from opposing any future motion(s) to amend the summons or complaint brought by Plaintiff.

Mexico Local Rules for the procedures and the requirements for proper service of process.[5] Plaintiff is reminded that she is expected to comply with the Court's local rules, the Federal Rules of Civil Procedure, and the Court's orders. Failure to do so may result in sanctions, such as dismissal of her claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Service (**Doc. 3**) is hereby **GRANTED IN PART AND DENIED IN PART**.

**THEREFORE**, the Court shall quash Plaintiff's present service of process on SMI Facility Services, and afford Plaintiff an opportunity to serve Supreme Maintenance Inc. Plaintiff shall have until **January 28, 2022**, as permitted under Federal Rule 4(m), for service of process on Defendant.

**IT IS FURTHER ORDERED** that if Plaintiff seeks free service of process, Plaintiff shall file a motion for leave to proceed *in forma pauperis* by **January 28, 2022**. Thereafter, pursuant to Federal Rules 4(b), (c)(1), and (c)(3), Plaintiff may request that the Court order service of process, along with the proper authorized agent and correct address for Supreme Maintenance Inc. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

If Plaintiff fails to timely serve Defendant, or timely file a motion for *in forma pauperis* and request service be effected on Defendant, the Court may, upon motion by Defendant or *sua sponte*, dismiss the case without prejudice.

**IT IS SO ORDERED.**

---

[5] For Plaintiff's reference, the Federal Rules of Civil Procedure and the Local Rules may be located at https://www.nmd.uscourts.gov/representing-yourself-pro-se.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**