# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

      Plaintiff,

    v.                                     Case No. 1:21-cv-01044-KWR-JHR

SMI FACILITY SERVICES,

      Defendant.

## ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (**Doc. 20**), filed January 11, 2022.

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of 28 U.S.C. § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case.

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (internal alterations omitted) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

"The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs." *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and

still be able to provide himself and dependents with the necessities of life." *Id.* at 339. "Thus, in order to succeed on a motion to proceed [*in forma pauperis*], the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Moreover, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." *See* Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

Here, Plaintiff signed an affidavit stating that she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff is employed in a part-time position; (ii) Plaintiff and her spouse, together, have a monthly income of $500; (iii) Plaintiff and her spouse's monthly expenses total $510; (iv) Plaintiff and her spouse have no cash, or money in bank accounts; and (v) Plaintiff receives public assistance. Thus, the Court finds that Plaintiff is unable to pay the costs of this proceeding because her and her spouse's monthly expenses exceed their monthly income.

Additionally, Plaintiff originally filed this suit in state court asserting federal civil rights and employment discrimination claims. *See* **Doc. 1**. Defendant timely removed this case to this Court. *Id.* Plaintiff alleges that she was discriminated against on the basis of her sex and paid less than her male colleagues, was exposed to harmful chemicals and unsafe working conditions, and was retaliated against and terminated after reporting allegations of sexual harassment to her supervisors. The Court concludes that Plaintiff's Complaint is not frivolous, and Plaintiff can

make a rational argument on the law or facts in support of the issues raised. Therefore, the Court grants Plaintiff's motion to proceed *in forma pauperis*.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (**Doc. 20**) is **GRANTED**. Consequently, pursuant to Federal Rules of Civil Procedure 4(b) and 4(c) and Plaintiff's Letter regarding Service of Process (**Doc. 17**), filed January 11, 2022, Plaintiff shall receive free service of process.

**IT IS FURTHER ORDERED** that Defendant shall respond to Plaintiff's Letter regarding Service of Process (**Doc. 17**) by **January 25, 2022**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**