IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

    Plaintiff,

v.                                              No. 1:21-cv-01044-KWR-JHR

SMI FACILITY SERVICES, WADE HUNT,
and GLORIA SANCHEZ,

    Defendants.

## ORDER GRANTING MOTION TO AMEND

**THIS MATTER** comes before the Court upon Plaintiff Amanda Morales' Motion to Amend and Correct Name of Entity of the Defendant (**Doc. 25**). Plaintiff, a *pro se* litigant, originally filed this suit against her employer, "SMI Facility Services." *See* **Doc. 1**. SMI Facility Services is not a legal entity or existing company. *See* **Doc. 16, at 4–5**. Plaintiff now seeks to amend the caption of the Complaint to name "Supreme Maintenance Inc.," rather than "SMI Facility Services," the correct legal entity and proper name of her employer. *See* **Doc. 25**. Plaintiff asserts that the amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. *Id.*

Rule 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Additionally, "[c]orrections of misnomers are permitted under Rule 15(c)." *Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 584 (10th Cir. 1969). Rule 15(c) allows amendments to relate back to the date of the original pleading if it involves the same conduct and the newly-added party knew (or should have known) of the mistaken identity, received timely notice of the action, and will not be prejudiced. *See* Fed. R. Civ. P. 15(c)(1); *Graves*, 412 F.2d at 585.

A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *See Minter*, 451 F.3d at 1204.

The Court will grant Plaintiff's motion to amend because Defendants did not file a response to the motion, which constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.1(b). Additionally, the Court finds that there was no undue delay, dilatory motive, or bad faith. Further, Supreme Maintenance Inc. has had actual notice of the suit and has not claimed any prejudice resulting from the misnomer.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (**Doc. 25**) is hereby **GRANTED**. The Clerk is **DIRECTED** to remove "SMI Facility Services" as a party and substitute "Supreme Maintenance Inc." in its place. All future filings shall reflect this change.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**