IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

    Plaintiff,

    v.                                                  Case No. 1:21-cv-01044-KWR-JHR

SUPREME MAINTENANCE INC., WADE HUNT,
and GLORIA SANCHEZ,

    Defendants.

**ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT AND SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment as to Supreme Maintenance Inc. (**Doc. 14**), filed January 3, 2022, and Plaintiff's Motion for Summary Judgment as to Supreme Maintenance Inc. (**Doc. 18**), filed January 11, 2022. Having reviewed the applicable law, the Court finds that Plaintiff's Motion for Default Judgment (**Doc. 14**) is not well taken and, therefore, is **DENIED**. Additionally, Plaintiff's Motion for Summary Judgment (**Doc. 18**) is not **WELL TAKEN** and is **DENIED WITHOUT PREJUDICE**.

    **I.**    **Default Judgment.**

"The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). However, the Federal Rules of Civil Procedure provide a means by which a party may seek judgment against a party who has failed to answer a complaint or otherwise defend in an action. *See* Fed. R. Civ. P. 55(a). Rule 55 mandates a two-step process for entering a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment. *See Gomes*, 420 F.2d at 1366.

Whether to enter default judgment is a decision committed to the district court's sound discretion. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

A default judgment, however, is void if there is no personal jurisdiction over the defendant. *See Hukill v. Oklahoma Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008). Service of process provides the means for a court to assert jurisdiction over the person of the party served. *Id.* "Defects in personal jurisdiction…are not waived by default when a party fails to appear or respond." *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986). "Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Id.* at 1203.

Here, first, Plaintiff failed to comply with the two-step process contemplated by Rule 55. Plaintiff failed to first apply to the clerk for entry of default, and "[a] plaintiff may not seek default judgment before it has applied for entry of default." *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1223 (D. Kan. 2011). Thus, the motion was premature.

Second, Defendant Supreme Maintenance Inc. is not in default. As the Court concluded previously, Plaintiff failed to properly effect service of process on Supreme Maintenance. *See* **Doc. 16**. Accordingly, default judgment based on Supreme Maintenance's alleged non-response on January 3, 2022, when Plaintiff filed the instant motion, is not warranted. That Supreme Maintenance had or may have had actual knowledge of the lawsuit at the time does not absolve Plaintiff from complying with the rules of service. *See Escano v. Concord Auto Protect, Inc.*, No. CV 21-223 MV/CG, 2021 WL 4237212, at *5 (D.N.M. Sept. 17, 2021).

Furthermore, default judgment is only appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a).

By virtue of its Rule 12(b)(6) motion filed on May 2, 2022 after it was properly served, Defendant Supreme Maintenance has begun defending this case. Therefore, Supreme Maintenance has not failed to plead or otherwise defend this lawsuit, and Plaintiff is not entitled to an entry of default.

II. **Summary Judgment.**

Plaintiff also filed a motion for summary judgment on claims asserted against Defendant Supreme Maintenance, arguing that summary judgment was proper as Supreme Maintenance refused to "answer the complaint by pleading because they have no defense." **Doc. 18, at 1**. To the extent that Plaintiff's motion for summary judgment rests on Supreme Maintenance's alleged failure to respond to the Complaint, the Court denies the motion for the same reasons discussed above. Additionally, because Supreme Maintenance prevailed on dismissal of many of Plaintiff's claims (*see* **Doc. 38**)—the same claims Plaintiff appears to seek summary judgment in her favor—Plaintiff's motion for summary judgment is also moot in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment as to Defendant Supreme Maintenance (**Doc. 14**) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment as to the claims against Defendant Supreme Maintenance (**Doc. 18**) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**