IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

    Plaintiff,

    v.                                                                                                       No. 1:21-cv-01044-KWR-JHR

SUPREME MAINTENANCE INC., WADE HUNT,
and GLORIA SANCHEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Count VI (Doc. 54), filed August 24, 2022. Plaintiff did not file a response to Defendants' Motion. Having reviewed the pleadings and the relevant law, the Court finds that Defendants' Motion to Dismiss (Doc. 54) is **NOT WELL-TAKEN IN PART**, and therefore, is **DENIED.**

## BACKGROUND

Plaintiff Amanda Morales, proceeding *pro se*, filed a 14-count civil rights and discrimination complaint against her employer in state court. Defendants removed this case to federal court, and on May 2, 2022, Defendants moved to dismiss the complaint for failure to state a claim. Doc. 32. On June 24, 2022, the Court granted Defendants' motion in part. The Court declined to dismiss Counts VI, VIII, and IX/X.[1] The Court, however, dismissed with prejudice Counts III, V, and VII, and dismissed Counts I, II, IV, XI, XII, XIII, and XIV without prejudice and with leave to amend. Doc. 38. Plaintiff failed to timely file an amended complaint, and thus,

---

[1] The Court construed Counts IX and X as one claim. *See* **Doc. 38, at 16.**

the Court dismissed Counts I, II, IV, XI, XII, XIII, and XIV with prejudice. Doc. 47. Defendants now moves to dismiss Count VI for failure to state a claim. Doc. 54.

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I.     Plaintiff's Failure to File a Response

Plaintiff did not file a response to the motion. Pursuant to Local Rule of Civil Procedure 7.4(a), Plaintiff was required to file a response to the motion within fourteen days after service of

the response. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, the Court reviewed Plaintiff's Motion to Compel (Doc. 56), filed September 9, 2022, where Plaintiff stated that Defendants' "[c]ontinuing to request a dismissal should be ignored." Doc. 56 at 3. The Court does not condone Plaintiff's failure to respond to Defendant's Motion, but it is clear to the Court that Plaintiff opposes the motion. Because Plaintiff opposes Defendant's Motion, the Court will rule on the merits.

Plaintiff is warned again that she is expected to comply with the Court's local rules, the Federal Rules of Civil Procedure, and the Court's orders. Failure to do so may result in sanctions, such as dismissal of her claims.

## II. New Mexico Worker's Compensation Act

Defendant Supreme Maintenance Inc. argues that the Court should dismiss Count VI because it is barred by the exclusive remedy provision of the New Mexico Worker's Compensation Act (NMWCA). Doc. 54 at 3. The Court finds at this stage of proceedings it is unclear if Supreme Maintenance Inc. is protected through the NMWCA exclusive remedy provision.

The NMWCA "is, by statute, the exclusive remedy for on-the-job injuries or deaths." *Peterson v. Wells Fargo Armored Servs. Corp.,* 2000-NMCA-043, ¶ 10, 129 N.M. 158, 161, 3 P.3d 135, 138. However, for employers to take advantage of the exclusive remedy provision, there must exist some form of an employer-employee relationship, either statutory or actual, and the employer must also comply with the NMWCA's insurance provisions. *Hamberg v. Sandia Corp.,* 2007-NMCA-078, ¶ 7, 142 N.M. 72, 75, 162 P.3d 909, 912. "If the employer fails to comply with those provisions, the worker can sue the employer either for compensation benefits or for damages

in tort caused by the employer's negligence. The worker has the choice of remedy." *Peterson,* 2000-NMCA-043, ¶ 10.

While the Court can determine that Plaintiff and Defendants had an employer-employee relationship, it is unclear to the Court if Defendants complied with the NMWCA insurance provision. If Defendants failed to comply with the NMWCA insurance provision, Plaintiff may sue for damages in tort caused by the Defendants' alleged negligence. NMSA 1978, §§ 52-1-6

At this stage, it is unclear if Defendants are in compliance with the NMWCA's insurance provision, and therefore, the Court denies Defendant's Motion to Dismiss.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 54) is **DENIED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**