IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

    Plaintiff,

v.   No. 1:21-cv-01044-KWR-JHR

SUPREME MAINTENANCE INC., WADE HUNT,
and GLORIA SANCHEZ,

    Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

**THIS MATTER** comes before the Court upon Defendants' Motion to Strike Immaterial, Impertinent and Scandalous Notification of Fraud (Doc. 45). Having reviewed the applicable law, the Court finds that Defendants' Motion (Doc. 45) is **WELL-TAKEN** and, therefore, is **GRANTED.**

### DISCUSSION

Plaintiff's notification purports to inform the Court that Defendants are committing fraud by selling their company to Clean Team Cleaning. Doc. 41. Defendants argues that the Court should strike Plaintiff's notification pursuant to Rule 12(f) or Rule 11. Doc. 45 at 3-4. Plaintiff argues that Defendants have not provided evidence to support their argument and Defendants are uncooperative and unprofessional. Doc. 46 at 2. The Court will strike Plaintiff's notification pursuant to Rule 11.

As an initial matter, Rule 12(f) does not apply. Rule 12(f) provides that a court may strike an insufficient defense or certain matters "from a pleading ....". Fed. R. Civ. P. 12(f). "Only material included in a "pleading" may be the subject of a motion to strike, and courts have been

unwilling to construe the term broadly. Motions, briefs, memoranda, objections, or affidavits may not be attacked by the motion to strike." *Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan for Employees*, 2009 WL 5210498, at *1 (D. Colo.) (citation omitted); *accord Ysais v. New Mexico Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009), *aff'd sub nom. Ysais v. New Mexico*, 373 Fed. Appx. 863 (10th Cir. 2010) (observing that "[g]enerally ... motions, briefs, and memoranda may not be attacked by a motion to strike"). The notice is not a "pleading" within the meaning of the Rules. Therefore, Rule 12 does not apply.

Rule 11 provides that "by presenting to the court a pleading, written motion, or *other paper*" the party certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1) (emphasis added). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"[T]he award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction." *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citation and internal quotation marks omitted). At step two, "[t]he court must consider the purposes to be served by the imposition of sanctions and so limit its sanctions 'to what suffices to deter repetition of the conduct or comparable conduct by others similarly situation.' ". *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting Fed. R. Civ. P. 11(c)(4)).

The Court finds that Plaintiff has violated Rule 11(b) because Plaintiff's notification is improper. The notification does not request the Court to take a particular action, it only provides

2

new allegations against Defendants. If Plaintiff seeks to amend her complaint to add the new allegations, she may do so pursuant to Federal Rules of Civil Procedure 15(a)(2). Plaintiff's notification is improper; therefore, the Court will grant Defendant's Motion to strike as an appropriate sanction. "*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)).

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (Doc. 45) is **GRANTED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**