IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA MORALES,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　　　　　　　No. 1:21-cv-01044-KWR-JHR

SUPREME MAINTENANCE INC., WADE HUNT,
and GLORIA SANCHEZ,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Judgment on the Pleadings (Doc. 60), filed October 18, 2022. Having reviewed the pleadings and the relevant law, the Court finds that Plaintiff's Motion (Doc. 60) is **NOT WELL TAKEN** and, therefore, is **DENIED**.

**DISCUSSION**

Plaintiff filed for a motion seeking judgment on the pleadings pursuant to Rule 12(c). Doc. 60. However, the majority of Plaintiff's motion is requesting the Court to strike Defendants' affirmative defenses pursuant to Rule 12(f). *Id.* at 1-4. Therefore, the Court will consider Plaintiff's motion to strike and Plaintiff's motion seeking judgment on the pleadings. Defendant argues that Plaintiff's motion to strike fails under Rule 12(f) and that Plaintiff is not entitled to judgment on the pleadings under Rule 12(c). Doc. 63. The Court agrees with Defendants.

    **I.**    **Federal Rules of Civil Procedure 12(f)**

Plaintiff argues that the Court should strike Defendants' affirmative defenses because Defendant's have not offered a valid legal argument based on specific facts. Doc. 60 at 2.

Defendants argue that they have properly asserted affirmative defenses and that Plaintiff's motion fails to meet the standards under Rule 12(f). Doc. 63 at 2. The Court finds that Plaintiff failed to establish that Defendants' affirmative defenses cannot succeed under any circumstances and as such, has failed to meet the standards under Rule 12(f).

Pursuant to Rule 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking an affirmative defense is considered a drastic remedy, and the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances." *Falley v. Friends Univ*., 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (internal citations and quotation marks omitted). In deciding a motion to strike, the Court bears in mind that the purpose of pleading an affirmative defense is to provide the plaintiff with fair notice. *Id.* at 1257. Therefore, "[t]he Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Friends of Santa Fe Cnty. v. LAC Mins., Inc.,* 892 F. Supp. 1333, 1343 (D.N.M. 1995). "The decision to strike an affirmative defense rest within the sound discretion of the district court." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D.Kan.2009). "Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 648–49.

Defendants' answer stated the following affirmative defenses: Comparative Fault, Failure to State a Claim, Failure to Mitigate Damages, Intervening Cause, Unclean Hands and Estoppel, and Reserved the Right to Assert Other Defenses. Doc. 53 at 6-7. At this phase, prior to discovery, questions of fact remain in dispute. Further, the Court does not find the defenses legally insufficient because this case arises from alleged workplace injury, sexual harassment,

retaliation, and wrongful termination. The Court finds that Defendants' affirmative defenses have a possibility of success. Plaintiff is mistaken that Defendants' answer must contain specific facts showing Defendants are entitled to relief under each affirmative defense. Doc. 60 at 3. Rule 8(c) only requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Defendants have done so in their answer. Therefore, the Court denies Plaintiff's motion to strike Defendants' affirmative defenses.

## II.     Federal Rules of Civil Procedure 12(c)

Plaintiff filed for a motion seeking judgment on the pleadings pursuant to Rule 12(c). Doc. 60. Defendants argue that Plaintiff fails to meet the burden for obtaining judgment on the pleadings. Doc. 63 at 3. The Court finds that Plaintiff failed to establish that no material issues of facts remain and thus, Plaintiff failed to meet her burden for obtaining judgment on the pleadings.

When a party files a Rule 12(c) motion seeking a judgment on a claim or issue rather than dismissal, the Court may enter a judgment, but only when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain America Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quotation marks omitted). The purpose of a Rule 12(c) motion in this context is "to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings." *Kellar v. U.S. Dep't of Veteran's Affairs*, No. 08-cv-761, 2009 WL 1706719, at *1 (D. Colo. June 17, 2009) (unreported) (quoting 5C Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1367 (3d ed.)).

Plaintiff has failed to establish that no material issue of facts remains. For example, Plaintiff asserts she "did everything to mitigate her injuries." However, Plaintiff's assertion alone

is not enough to establish she did in fact do everything to mitigate. Whether mitigation steps were taken is a material issue of facts. Plaintiff further discusses how Defendants have a bias towards hiring Spanish speaking employees. Doc. 60 at 7. The Court finds that this information is irrelevant to whether material facts exist. The Court finds at this phase, prior to discovery, there are material issues of facts remaining. Therefore, the Court finds Plaintiff failed to meet her burden. The Court is unable to make a judgment on the merits and denies Plaintiff's motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 60) is **DENIED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**